**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kiraco 2,<br>Plaintiff,<br>v.<br>Westside Distributions LLC, et al.,<br>Defendants. | No. CV-25-01685-PHX-MTL<br>**ORDER** |

Before the Court are the parties' Joint Discovery Motion (Doc. 56) and attached exhibits (Docs. 56-1:18).

**I**

This is a trademark infringement action. (*See* Doc. 1.) Plaintiff owns and manufactures hookah bowls and related devices and accessories. (*Id.* ¶ 7.) Some of Plaintiff's products are sold under its "APPLEONTOP" and "PROVOST" trademarks and its "AOT" trade dress. (*Id.* ¶ 8.) The Complaint alleges that Defendant infringed on these trademarks and trade dress by selling counterfeit hookah products. (*Id.* ¶¶ 11-13.)

The Complaint includes six unlabeled photographs of allegedly infringing products purchased from Defendant. (Doc. 1-4.) The first is a photograph of a Provost hookah heat controller. (*Id.* at 2.) The second, third, and fourth photographs are of boxes featuring pictures resembling Plaintiff's hookah bowls between the words "COCOMIA" and "APPLE ON TOP BOWL." (*Id.* at 3-5.) The last two are photographs of an unboxed hookah bowl resembling Plaintiff's product. (*Id.* at 6-7.)

The case has proceeded to discovery. Plaintiff has propounded 5 interrogatories, 58 requests for production, and 36 requests for admission generally seeking business records, communications, and information on Defendant's sale and possession of allegedly infringing products. (*See* Docs. 56-3, 56-4, 56-5.)

According to Plaintiff, Defendant initially limited its responses to Plaintiff's discovery requests to COCOMIA bowls and denied selling any products bearing "Provost," "Appleontop", or "Apple On Top." (Doc. 56 at 2.) Days later, Plaintiff forwarded Defendant one of Defendant's own invoices which listed "APPLE ON TOP HMD PROVOST." (*Id.*; *see* Doc. 56-6.) Plaintiff also confronted Defendant with a picture of dozens of allegedly infringing products, bearing the "APPLE ON TOP" mark, located in Defendant's store. (*Id.*; *see* Doc. 56-13.) Defendant maintained that the items invoiced as "APPLE ON TOP HMD PROVOST" were not counterfeit and Defendant had not sold anything marked with Provost. (Doc. 56 at 2.) After twice supplementing its discovery responses, Defendant ultimately limited them to two products: the COCOMIA bowls and Provost HMD products. (*Id.*; *see, e.g.*, Doc. 56-14 at 8-9.)

Plaintiff has also noticed a deposition of Defendant's Rule 30(b)(6) designee on 13 topics, but Defendant refused to designate an individual for any of the topics. (Doc. 56 at 2; *see* Docs. 56-8, 56-9.)

Plaintiff asks the Court to order "full answers" to its 5 interrogatories as well as its first 25 requests for production and requests for admission. (*Id.* at 3.) It also asks the Court to order the appearance of a prepared Rule 30(b)(6) witness, and it requests the Court award it fees. (*Id.*)

**II**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

**III**

The Court has reviewed the Motion, the attached exhibits, and the record. At the outset, Defendant disputes the propriety of Plaintiff's counsel's declaration attached to the Joint Motion. (*Id.*; *see* Doc. 56-1.) The Court will give all attached exhibits and declarations due weight, but it will not consider any legal arguments outside the Joint Motion.

Turning to the discovery requests, Defendant raised various objections to each request and interrogatory.* Defendant responded to the majority of the requests and interrogatories, subject to its objections, and it argues that it has no more relevant discovery to produce. The Court finds these responses are insufficient because Defendant limited them to the products pictured in the Complaint. The Court finds that this limitation is inappropriate and too restrictive at this stage of the litigation. The Complaint alleges infringement of Plaintiff's "APPLEONTOP" and "PROVOST" trademarks as well as "AOT" trade dress. As such, Defendant must supplement and extend its responses to encompass all the trademarks and trade dress identified in the Complaint.

As to the requests Defendant refused to respond to, Defendant argues that Interrogatories 1 and 2 as well as Requests for Production 1, 6, and 7 are unduly burdensome and overly broad. The Court agrees and finds that the requested information and documents are not proportional to the needs of the case, so Defendant need not respond to these requests. Defendant also objects to the relevance of Requests for Production 3, 4, and 5. The Court finds that Plaintiff failed to adequately explain the relevance of these requests and thus finds that they exceed the scope of discovery. Defendant need not respond to these requests either. The Court does find, however, that Request for Production 8 as

* The Court reminds Defendant that the Federal Rules of Civil Procedure do not permit "general" or "global" objections, so the Court will not consider objections that are not specific to an interrogatory or request. (*See* Doc. 25 at 2.)

well as Requests for Admission 22, 23, 24, and 25 are directly relevant and proportional to the needs of the case. As such Defendant must respond to those requests.

Furthermore, given the overlap between the topics of the deposition and the other discovery requests, the Court finds it appropriate to resolve the deposition dispute. The Court finds that Plaintiff has not demonstrated the relevance of topics 2, 3, 10, 11, 12, and 13; and the Court finds that topics 4 and 5 are overly broad and unduly burdensome. As such, the Court finds that topics 2, 3, 4, 5, 10, 11, 12, and 13 exceed the scope of discovery, so Defendant need not designate a witness for those topics. The Court finds, however, that topics 1, 6, 7, 8, and 9 are appropriate. The Court finds that they are sufficiently tailored to the needs of the case and directly relevant to the claims at issue. Defendant must designate a Rule 30(b)(6) witness to appear for a deposition on these topics. Lastly, because the Court will grant the Joint Motion in part and deny it in part, it finds an award of fees inappropriate and will deny Plaintiff's request.

## IV

The parties are reminded that they are strongly encouraged to resolve discovery disputes mutually and without expending judicial resources. With that reminder,

**IT IS ORDERED** that the Joint Discovery Motion is **GRANTED in part**. Defendant must supplement its responses in light of this Court's ruling. Defendant must serve these supplemented responses on Plaintiff no later than **seven days from the date of this Order**.

**IT IS FURTHER ORDERED** that Defendant must designate a Rule 30(b)(6) witness who is prepared to discuss topics 1, 6, 7, 8, and 9 of Plaintiff's Notice of Deposition no later than **seven days from the date of this Order**.

**IT IS FINALLY ORDERED** that the request for fees is **DENIED**.

Dated this 13th day of November, 2026.

Michael T. Liburdi
United States District Judge